1
2
3          **UNITED STATES DISTRICT COURT**
4          **DISTRICT OF NEVADA**
5
6   CO2 DESIGN GROUP, INC., a California                    2:10-cv-0053-KJD (LRL)
    corporation; and COCO BENOUAICHE, an
7   individual,
8        Plaintiffs,
9   vs.                                                     **O R D E R**
10  HARRAH'S IMPERIAL PALACE
    CORPORATION, a Nevada corporation
11  d/b/a HARRAH'S IMPERIAL PALACE
    HOTEL & CASINO; and DOES I through
12  X, inclusive,
13       Defendants.
14
15          Presently before the Court is Defendant's Motion to Dismiss (#12).  The Court has
16  considered Plaintiff's Response (##14 and 15) and the Reply (#16).  Also before the Court is
17  Defendant's Motion to Strike (#22), Affidavit of COCO BENOUAICHE (#21).  The Court has also
18  considered Plaintiff's Response (#23) and the Reply (#24).
19                              **FACTUAL HISTORY**
20          Plaintiff, COS DESIGN GROUP, INC., rented a room for one of its employees at
21  Defendant's hotel, the IMPERIAL PALACE HOTEL & CASINO, in Las Vegas, Nevada, checking
22  in on August 26, 2007 with a scheduled check out date of August 29, 2007.  The employee was
23  attending a trade show and taking orders for Plaintiff's products.  The orders were kept in the room
24  Defendant had assigned to her, Room 4153.  All of the orders for merchandise from the first two
25  days of the show were stored and kept in that room, along with personal clothing and accessories.
26  On the night of August 28, 2007, Plaintiff's employee left the room, returning during the early

morning hours of August 29, 2007.  At that time, she discovered the key card, given to her upon

check in, having been deactivated by Defendants, would not operate to unlock the door to the room.

She then learned that Defendant had rented the room to another guest who had already checked in

and was occupying the room.  All of the orders, personal belongings of the employee and

equipment of Plaintiffs' had been in the room when the employee left on the evening of August 28th

and were no longer in the room and never located or returned by Defendant.

Plaintiff alleges, upon information and belief, that Defendant removed the items owned by

Plaintiff and its employee, including the order forms which contained approximately $1.8 million

in sales.  Plaintiffs further allege that their business reputation has been damaged as evidenced by

angry and irate letters to Plaintiff regarding Plaintiff's failure to fulfill orders placed at the show.

Copies of eight of the 50-70 sales' orders were recovered directly from three affected customers

who had placed orders totaling $250,693.00.

Following Defendant's Motion to Dismiss, based in part upon Defendant's claim that the

threshold amount for diversity jurisdiction had not been adequately plead, Plaintiff filed an affidavit

stating that from the few orders recovered, lost profits would have been $101,920.90.  As noted,

Defendant has objected to the affidavit and moved to strike same as a "sur-reply".

**STANDARD FOR A MOTION TO DISMISS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken

as true and construed in a light most favorable to the non-moving party." Wyler Summit

Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation

omitted). Consequently, there is a strong presumption against dismissing an action for failure to

state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation

omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.

1   Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Plausibility,

2   in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the

3   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

4        The <u>Iqbal</u> evaluation illustrates a two prong analysis.  First, the Court identifies "the

5   allegations in the complaint that are not entitled to the assumption of truth," that is, those

6   allegations which are legal conclusions, bare assertions, or merely conclusory.  <u>Id.</u> at 1949-51.

7   Second, the Court considers the factual allegations "to determine if they plausibly suggest an

8   entitlement to relief."  <u>Id.</u> at 1951.  If the allegations state plausible claims for relief, such claims

9   survive the motion to dismiss. <u>Id.</u> at 1950.

10                                      **DISCUSSION**

11       Defendant moves to dismiss for lack of subject matter jurisdiction asserting Nevada's

12   Innkeeper Statute, N.R.S. 651.010, which limits the liability of an owner to $750 for loss of any

13   guest property not deposited in a safe or vault.  Defendant also moves to dismiss Plaintiffs' claim

14   for negligent infliction of emotional distress.  However, that motion has been rendered moot by

15   Plaintiff COCO BENOUAICHE's Notice of Voluntary Dismissal (#15).

16       The Motion to Strike should be denied.  Plaintiff's assertion of a loss of $1.8 million in

17   sales, along with damage to business reputation is sufficient to establish that the amount in

18   controversy is reasonably certain to be over $75,000.00 in damages.  Even a profit margin of only

19   5% would yield damages in excess of the threshold, without even considering the damage to

20   business reputation as alleged by Plaintiffs.  The affidavit is confirmatory that Plaintiffs' asserted

21   claim of damages in excess of $75,000 is not, as alleged by Defendants, without basis in fact.  As

22   such, the affidavit is not tantamount to a sur-reply raising new matters.  To strike and require

23   Plaintiff to file an amended Complaint would be a waste of resources and unnecessarily delay the

24   resolution of this action.  Moreover, any deficiencies of the Complaint as to the amount of loss are

25

26

1   not such that it would appear to a legal certainty that the claim is really for less than the

2   jurisdictional amount, even if the affidavit were not considered.

3          With respect to Defendant's claim that the Nevada innkeepers' statutory limit of liability of

4   $750.00 would assure that Plaintiffs' claims do not meet the $75,000 jurisdictional threshold,

5   Plaintiffs have correctly pointed out that this statute does not impose a statutory limitation on all

6   claims by guests against innkeepers for loss of property which occurred on the innkeepers'

7   premises, no matter what the circumstances of the loss might be.  <u>Nadjarian v. Desert Palace, Inc.</u>,

8   895 P.2d 1291 (Nev. 1995).  To allow Defendants to use the inn keeper statute to protect against

9   consequences of their own actions, as opposed to those of third parties over whom they have no

10  control, would be to convert the statute from a shield into a sword.  It would also encourage the

11  kind of neglect alleged in this case.  The allegations of the Complaint are sufficient that a

12  reasonable jury could find that the hotel, in deactivating Plaintiff's hotel card and renting the room

13  out to another person, took possession of Plaintiff's property and breached duties owed the guest.

14  This is not a case where there is an allegation that the property was stolen by a third-party or even

15  by Defendants' hotel employees.  There would be no purpose in stealing orders for merchandise.

16         Based upon the allegations of the Complaint, a reasonable jury could find that Defendant

17  took custody or control of the property in preparing the room to be rented to another guest of the

18  hotel, notwithstanding that Plaintiff had rented the room for the night of August 28 and had the

19  right to occupy it until check out time on August 29.  A jury might reasonably infer that Defendant

20  took possession and control over Plaintiff's property merely by denying Plaintiff access to the

21  room.  It is up to the Defendant to explain what happened to the property under the facts alleged.

22

23

24

25

26

1

### CONCLUSION

2      Plaintiff has, in its Complaint, asserted  factual allegations which, construed in the light

3  most favorable to Plaintiff, raises its right to relief above the speculative level.  Accordingly,

4  Defendant's Motion to Strike (#22) and Defendant's Motion to Dismiss (#12) are **DENIED**.

5      DATED: February 8, 2011

6

7      _____
       Kent J. Dawson
8      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26